**SCHEDULES OF ASSETS AND LIABILITIES
AND STATEMENT OF FINANCIAL AFFAIRS**

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS,
METHODOLOGY, AND DISCLAIMER REGARDING
<u>DEBTOR'S SCHEDULES AND STATEMENTS</u>**

The Schedules of Assets and Liabilities (the "**Schedules**") and Statement of Financial Affairs (the "**SOFA**" and together with the Schedules, the "**Bankruptcy Schedules**") of Team Rubicon Global, Ltd. (the "**Debtor**"), have been prepared pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure by the Chief Executive Officer (the "**CEO**") of the Debtor and are unaudited. These Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding Debtor's Schedules and Statements (the "**Global Notes**") comprise an integral part of the Bankruptcy Schedules and should be referred to and considered in connection with any review of them.

The information provided herein, except as otherwise noted, is as of the close of business on March 4, 2021, the last date prior to the date of filing of the Debtor's bankruptcy cases (the "**Petition Date**") on which financial information was available. Although the CEO has made reasonable efforts to ensure that the Bankruptcy Schedules are as complete and accurate as possible in light of the circumstances, there can be no assurance that these Bankruptcy Schedules are, in fact, complete or accurate.

All values set forth in Schedule A/B 41 reflect the estimated current value of the Debtors' assets as of March 4, 2021. However, the majority of these assets are in the possession of former employees and/or are believed to be in transit from a former employee to the CEO as of the Petition Date, and the current value is approximated.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract or that such contract is an executory contract or unexpired lease. The Debtor reserves all of its rights to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract. The Debtor is aware of certain former employees of the Debtor who have alleged claims against the Debtor in connection with alleged severance agreements. The Debtor has been advised that these severance agreements are invalid and unenforceable. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtor hereby reserves all of its rights to dispute the validity, status or enforceability of any contracts, agreements or leases set forth on Schedule G and to amend or supplement Schedule G as necessary.

None of the CEO nor the attorneys for the Debtor guarantee or warrant the accuracy, completeness, or currentness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein. While every effort has been made to provide accurate and complete information herein, inadvertent errors or omissions may exist.

The Debtor reserves all rights to amend the Bankruptcy Schedules, in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or to assert offsets or defenses to any claim reflected on the Bankruptcy Schedules as to amount, liability or classification, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated." Any failure to designate a claim as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtor that such claim is not "contingent," "unliquidated," or "disputed."

---

**Fill in this information to identify the case:**

Debtor name: **Team Rubicon Global, Ltd.**

United States Bankruptcy Court for the: **DISTRICT OF DELAWARE**

Case number (if known): _____

☐ Check if this is an amended filing

---

# Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy  04/19

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

### Part 1: Income

1. **Gross revenue from business**

   ☐ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue  Check all that apply | Gross revenue (before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:** From 1/01/2021 to Filing Date | ■ Operating a business  ☐ Other _____ | $10,825.53 |
| **For prior year:** From 1/01/2020 to 12/31/2020 | ■ Operating a business  ☐ Other _____ | $219,413.38 |
| **For year before that:** From 1/01/2019 to 12/31/2019 | ■ Operating a business  ☐ Other _____ | $1,370,525.78 |

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ☐ None.

| | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:** From 1/01/2021 to Filing Date | None | $0.00 |
| **For prior year:** From 1/01/2020 to 12/31/2020 | Loss on ML Stock, Interest Income, Misc. Income | $-1,971.88 |
| **For year before that:** From 1/01/2019 to 12/31/2019 | Loss on ML Stock, Interest Income, Misc. Income | $3,401.78 |

### Part 2: List Certain Transfers Made Before Filing for Bankruptcy

---

Official Form 207    Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    page 1

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Debtor  **Team Rubicon Global, Ltd.**                                    Case number *(if known)*

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ☐ None.

| | **Creditor's Name and Address** | **Dates** | **Total amount of value** | **Reasons for payment or transfer**<br>Check all that apply |
|---|---|---|---|---|
| 3.1. | Ascensus<br>200 Dryden Rd E<br>Dresher, PA 19025-0003 | 12/2/20<br>1/5/21<br>1/19/21<br>2/3/21<br>2/16/21<br>2/18/21 | $19,707.07 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>■ Suppliers or vendors<br>☐ Services<br>☐ Other __ |
| 3.2. | Disaster Relief Australia<br>1/299 Elizabeth Street<br>Sydney NSW 2000 Australia | 12/7/20 | $50,000.00 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>■ Other  Grant |
| 3.3. | Team Rubicon Norge<br>Pb. 69 2024<br>Gjerdrum, Norway | 2/22/21;<br>2/23/21 | $75,000.00 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>■ Other  Grant |
| 3.4. | Underhill Insurance Agency<br>5951 Canoga Avenue<br>Woodland Hills, CA 91367 | 2/26/21 | $8,086.09 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>■ Suppliers or vendors<br>☐ Services<br>☐ Other __ |
| 3.5. | United Healthcare<br>5901 Lincoln Dr<br>Minneapolis, MN 55440 | 12/10/20<br>12/11/20<br>1/12/21<br>1/13/21<br>2/12/21 | $8,254.86 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>■ Suppliers or vendors<br>☐ Services<br>☐ Other __ |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ☐ None.

| **Insider's name and address**<br>**Relationship to debtor** | **Dates** | **Total amount of value** | **Reasons for payment or transfer** |
|---|---|---|---|

| Debtor | Team Rubicon Global, Ltd. | Case number (if known) | |
|---|---|---|---|

| Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1. **William McNulty**<br>**4378 Sunrise Drive**<br>**Eden, UT 84310**<br>**President and Chief Executive Officer** | 5/15/20<br>8/19/20<br>9/9/20<br>11/17/20<br>11/27/20<br>12/14/20<br>3/4/21 | $12,443.55 | **Salary** |

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

   ■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

   ■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

### Part 3:    Legal Actions or Assignments

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
   List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

   ☐ None.

| | Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | **Team Rubicon Global, Ltd. v. Team Rubicon, Inc.**<br>**1:20-cv-02537-LTS-KNF** | Alleged Breach of Master Trademark and Licensing Agreement | USDC for the Southern District of NY<br>Daniel Patrick Moynihan United States Courthouse<br>500 Pearl St.<br>New York, NY 10007-1312 | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.2. | **Team Rubicon Global, Ltd. v. Team Rubicon, Inc.**<br>**20-1852** | On Appeal from the United States District Court for the Southern District of New York<br>Case No. 1:20-cv-02537-LTS-KNF | U.S. Court of Appeals 2nd Circuit<br>Thurgood Marshall U.S. Courthouse<br>40 Foley Square<br>New York, NY 10007 | ☐ Pending<br>☐ On appeal<br>■ Concluded |
| 7.3. | **David Fascinato v. Team Rubicon Global Ltd.**<br>**CV-20-00648069-0000** | Alleged Breach of Contract Wrongful dismissal from employment | Ontario Superior Court of Justice<br>330 University Avenue<br>8th Floor<br>Toronto, Ontario M5G 1E6 | ■ Pending<br>☐ On appeal<br>☐ Concluded |

8. **Assignments and receivership**
   List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a

| Debtor | Team Rubicon Global, Ltd. | Case number *(if known)* | |
|---|---|---|---|

receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☒ None

### Part 4: Certain Gifts and Charitable Contributions

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

    ☒ None

    | Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
    |---|---|---|---|

### Part 5: Certain Losses

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

    ☒ None

    | Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | Dates of loss | Value of property lost |
    |---|---|---|---|

### Part 6: Certain Payments or Transfers

11. **Payments related to bankruptcy**
    List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

    ☐ None.

    | | Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
    |---|---|---|---|---|
    | 11.1. | **Chipman Brown Cicero & Cole, LLP**<br>**Hercules Plaza**<br>**1313 North Market Street**<br>**Suite 5400**<br>**Wilmington, DE 19801** | **Retainer** | 02/23/2021 | $25,000.00 |
    | | Email or website address<br>www.chipmanbrown.com | | | |
    | | Who made the payment, if not debtor? | | | |

12. **Self-settled trusts of which the debtor is a beneficiary**
    List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
    Do not include transfers already listed on this statement.

    ☒ None.

    | Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
    |---|---|---|---|

13. **Transfers not already listed on this statement**

| Debtor | Team Rubicon Global, Ltd. | Case number (if known) | |
|---|---|---|---|

List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

■ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

### Part 7: Previous Locations

**14. Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| | Address | Dates of occupancy From-To |
|---|---|---|
| 14.1. | 1509 16th St. NW<br>Washington, DC 20036 | April 2017-January 2020 |
| 14.2. | 300 N. Continental Boulevard<br>Suite 310<br>El Segundo, CA 90245 | 2015 - April 2017 |

### Part 8: Health Care Bankruptcies

**15. Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

### Part 9: Personally Identifiable Information

**16. Does the debtor collect and retain personally identifiable information of customers?**

■ No.
☐ Yes. State the nature of the information collected and retained.

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.
■ Yes. Does the debtor serve as plan administrator?

    ☐ No Go to Part 10.
    ■ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| Team Rubicon Global, Ltd. Retirement Plan | EIN: 229534 |

Has the plan been terminated?
■ No
☐ Yes

### Part 10: Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

| Debtor | Team Rubicon Global, Ltd. | Case number (if known) | |
|---|---|---|---|

18. **Closed financial accounts**
    Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
    Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

    ■ None

    | Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
    |---|---|---|---|---|

19. **Safe deposit boxes**
    List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

    ■ None

    | Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Do you still have it? |
    |---|---|---|---|

20. **Off-premises storage**
    List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

    ■ None

    | Facility name and address | Names of anyone with access to it | Description of the contents | Do you still have it? |
    |---|---|---|---|

**Part 11:** Property the Debtor Holds or Controls That the Debtor Does Not Own

21. **Property held for another**
    List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

    ☐ None

    | Owner's name and address | Location of the property | Describe the property | Value |
    |---|---|---|---|
    | PWC Foundation<br>4040 W Boyscout Blvd.<br>Tampa, FL 33607 | Chase Bank - Checking Account | Restricted Grant | $70,788.00 |

**Part 12:** Details About Environment Information

For the purpose of Part 12, the following definitions apply:
*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

    ■ No.
    ☐ Yes. Provide details below.

Debtor   **Team Rubicon Global, Ltd.**                                   Case number *(if known)*

| Case title<br>Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

   ■ No.
   ☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

   ■ No.
   ☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

### Part 13:  Details About the Debtor's Business or Connections to Any Business

**25. Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

   ■ None

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|

**26. Books, records, and financial statements**
   26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
   ☐ None

| Name and address | | Date of service<br>From-To |
|---|---|---|
| 26a.1. | **Mission Edge**<br>**2820 Roosevelt Drive #104**<br>**San Diego, CA 92106** | **August 2016-Present** |
| 26a.2. | **Wegner CPAs**<br>**2921 Landmark Place, Suite 300**<br>**Madison, WI** | **2015-Present** |

   26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

   ☐ None

| Name and address | | Date of service<br>From-To |
|---|---|---|
| 26b.1. | **Mission Edge**<br>**2820 Roosevelt Drive #104**<br>**San Diego, CA 92106** | **August 2016-Present** |

| Name and address | | Date of service<br>From-To |
|---|---|---|
| 26b.2. | **Wegner CPAs**<br>**2921 Landmark Place, Suite 300**<br>**Madison, WI 53713** | **2015-Present** |

   26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

| Debtor | Team Rubicon Global, Ltd. | Case number *(if known)* | |
|---|---|---|---|

| | Name and address | If any books of account and records are unavailable, explain why |
|---|---|---|
| 26c.1. | **Mission Edge**<br>**2820 Roosevelt Drive #104**<br>**San Diego, CA 92106** | |
| 26c.2. | **Wegner CPAs**<br>**2921 Landmark Place, Suite 300**<br>**Madison, WI 53713** | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

■ None

| Name and address |
|---|

27. **Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Brigadier General Ole Fauske** | **c/o Team Rubicon Norge**<br>**Pb. 69 2024**<br>**Gjerdrum, Norway** | **Director** | **0** |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **William McNulty** | **4378 Sunrise Drive**<br>**Eden, UT 84310** | **President & Chief Executive Officer** | **0** |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No
■ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| **Dr. Charles Kalmbach** | **4136 Spring Island**<br>**Okatie, SC 29909** | **Chair** | **January 2020 - May 2020** |

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| **Major General Mick Slater** | **c/o Disaster Relief Australia**<br>**1/299 Elizabeth Street**<br>**Sydney NSW 2000 Australia** | **Director** | **May 2018 - January 2021** |

| Debtor | Team Rubicon Global, Ltd. | Case number *(if known)* | |

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| General Nick Parker | c/o RE:ACT Disaster Response Salisbury SP3 5DU, United Kingdom | Director | April 2014 - June 2020 |

30. **Payments, distributions, or withdrawals credited or given to insiders**
    Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

    ■ No
    ☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

    ■ No
    ☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

    ■ No
    ☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the parent corporation |
|---|---|

**Part 14:  Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **March  5, 2021**

*William McNulty*                    **William McNulty**
Signature of individual signing on behalf of the debtor        Printed name

Position or relationship to debtor    **President and Chief Executive Officer**

**Are additional pages to** *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* **(Official Form 207) attached?**
■ No
☐ Yes

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Team Rubicon Global, Ltd.** |
| United States Bankruptcy Court for the: | DISTRICT OF DELAWARE |
| Case number (if known) | |

☐ Check if this is an amended filing

Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ■ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ■ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ■ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ■ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ■ *Schedule H: Codebtors* (Official Form 206H)
- ■ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ■ Other document that requires a declaration    **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **March 5, 2021**

x *William McNulty*
Signature of individual signing on behalf of debtor

**William McNulty**
Printed name

**President and Chief Executive Officer**
Position or relationship to debtor

Founder, Team Rubicon Global; Cofounder, Team Rubicon USA